IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA BUNTIN,

    Plaintiff,

v.   No.  14-cv-756 WJ/CG

CITY OF ALBUQUERQUE, et. al.,

    Defendants.

## ORDER STAYING DISCOVERY

**THIS MATTER** comes before the Court on *Defendant Joe Moreno's Motion for Stay of Proceedings in Connection with his Concurrent Motion Seeking Summary Judgment on Grounds of Qualified Immunity* ("Motion"), (Doc. 48), filed February 6, 2015. As grounds for the Motion, Defendant Moreno states that he has filed a *Motion for Summary Judgment and Memorandum in Support Thereof* ("Motion for Summary Judgment"), (Doc. 47), seeking dismissal of Plaintiff's federal claims against him on the basis of qualified immunity.  The other remaining Defendant, City of Albuquerque, concurs in the Motion. (Doc. 48 at 2). The Motion states that Plaintiff opposes a stay of discovery, (*id.*), but upon review of the docket, Plaintiff has not responded to the Motion, and the deadline for doing so has passed. His failure to do so constitutes consent to grant Defendant Joe Moreno's Motion under this District's local rules. D.N.M.LR-Civ 7.1(b).

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v.*

*Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). It is an entitlement not to stand trial or face the other burdens of litigation, and acts as an immunity from suit rather than a mere defense to liability. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (internal citations omitted). Indeed, "even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

The United States Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson*, 555 U.S. 231 (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)). Accordingly, "[d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (internal citations omitted). It follows that when a defendant files a motion for summary judgment on the basis of qualified immunity, the defendant is normally entitled to a stay of discovery. *Johnson v. Curry Cty Juvenile Detention Center*, CV No. 07-58 JP/LFG, *2 (D.N.M. filed July 3, 2007) (citing *Jiron*, 392 F.3d at 414).

In this case, Plaintiff filed his *First Amended Complaint* in which he alleges claims against Defendants under 42 U.S.C. § 1983 on July 23, 2014. (Doc. 1-1). On February 6, 2015 Defendant Joe Moreno filed his Motion for Summary Judgment seeking dismissal of Plaintiff's federal claims against him on the basis of qualified immunity. Thus, in light of the foregoing, noting that Plaintiff has not filed a response in opposition to the Motion, the Court finds that discovery should be stayed pending consideration

and disposition of Defendant Moreno's Motion for Summary Judgment. *See Jiron*, 392 F.3d at 414.

**IT IS THEREFORE ORDERED** that *Defendant Joe Moreno's Motion for Stay of Proceedings in Connection with his Concurrent Motion Seeking Summary Judgment on Grounds of Qualified Immunity* (Doc. 48), be **GRANTED.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE